UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DFRF ENTERPRISES LLC, ) <br> DFRF ENTERPRISES, LLC, ) <br> DANIEL FERNANDES ROJO FILHO, ) <br> WANDERLEY M. DALMAN, ) <br> GASPAR C. JESUS, ) <br> EDUARDO N. DA SILVA, ) <br> HERIBERTO C. PEREZ VALDES, ) <br> JEFFREY A. FELDMAN and ) <br> ROMILDO DA CUNHA, ) <br> ) <br> Defendants. ) | Case No. 1:15-cv-12857-PBS |

[~~proposed~~]
**PRELIMINARY INJUNCTION,
ORDER FREEZING ASSETS, AND ORDER FOR OTHER EQUITABLE RELIEF**

Having considered the motion for a preliminary injunction, order freezing assets, and order for other equitable relief filed by plaintiff Securities and Exchange Commission ("the Commission") (Dkt. #21), as well as the Complaint and the evidentiary materials and memoranda that the Commission filed on June 30, July 10, and July 23, 2015, and having held a hearing on July 28, 2015, the Court finds that the Commission has made the showing required by Fed. R. Civ. P. 65(b)(1) and, in addition, that the Commission has shown that: (1) it is reasonably likely to establish that the defendants have directly or indirectly engaged in the violations alleged in the Complaint; (2) it is reasonably likely that, unless restrained and enjoined by an order of this Court, the violations will be repeated; (3) it is reasonably likely that the

defendants have been unjustly enriched through the activities alleged in the Complaint; (4) it is reasonably likely that, unless enjoined by an order of this Court, the defendants may dissipate and conceal assets that could be subject to an order of disgorgement or an order to pay civil monetary penalties in this action; and (5) the entry of a preliminary injunction, an order freezing assets, and an order for other equitable relief is in the public interest. In consideration of the foregoing:

### I.

**IT IS HEREBY ORDERED** that the defendants and each of their agents, servants, employees, attorneys, and other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) are preliminarily enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5] by, directly or indirectly, through the use of the means or instrumentalities of interstate commerce or of the mails or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)  employing any device, scheme or artifice to defraud;

(b)  making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)  engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS HEREBY FURTHER ORDERED** that the defendants and each of their agents, servants, employees, attorneys, and other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) are preliminarily enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)] by, directly or indirectly, through the use of any means or instrumentalities of interstate commerce or the mails or of any facility of any national securities exchange, in the offer or sale of any security:

(a) employing any device, scheme or artifice to defraud;

(b) obtaining any money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

**IT IS HEREBY FURTHER ORDERED** that the defendants and each of their agents, servants, employees, and attorneys, and other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) are preliminarily enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell any security through the use or medium of any prospectus or otherwise, unless a registration is in effect as to such security;

(b) carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any security for the purpose of sale or for delivery after sale, unless a registration statement is in effect as to such security; or

(c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## IV.

**IT IS HEREBY FURTHER ORDERED** that:

A. The defendants and each of their officers, agents, servants, employees, attorneys, and other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) are preliminarily enjoined from taking any actions to withdraw, sell, pay, transfer, dissipate, assign, pledge, alienate, encumber, dispose of, or diminish the value of in any way (including, but not limited to, making charges on a credit card or drawing on another credit arrangement),

any funds and other assets in their possession (outside of ordinary living expenses), or held by any person or entity for their direct or indirect benefit, subject to their direct or indirect control, over which they exercise actual or apparent authority, or in which they have a direct or indirect beneficial interest, in whatever form such funds and other assets may presently exist and wherever located.

B.  All banks, brokerage firms, and other financial institutions (including but not limited to Bank of America, Central Florida Educators Federal Credit Union, Citibank, Citizens Bank, Eastern Bank, First Bank of Puerto Rico, JPMorgan Chase Bank, Regions Bank, Santander Bank, Suncoast Credit Union, SunTrust Bank, TD Bank, and Wells Fargo Bank) and other persons or entities that receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) holding any funds or other assets in the name of any of the defendants, or in the name of any person or entity for their direct or indirect benefit, subject to their direct or indirect control, over which they exercise actual or apparent authority, or in which they have a direct or indirect beneficial interest, in whatever form such funds or other assets may presently exist and wherever located, shall continue to hold and retain such funds or other assets within their control and shall prohibit the withdrawal, removal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets (including, but not limited to, charges on a credit card or draws on another credit arrangement); and all such funds or other assets are hereby frozen.

C.  The above Paragraphs III.A and III.B shall immediately cease to apply to any asset located within the United States (including any account at any bank, brokerage firm, or other financial institution) which becomes subject to any later order entered by any federal court

as a result of proceedings that may be filed by the United States or any department or agency thereof under any federal civil or criminal forfeiture statute, to the extent that such later order requires the transfer of any such asset to the United States government.

V.

**IT IS HEREBY FURTHER ORDERED** that the defendants and each of their agents, servants, employees, attorneys, and other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) shall not solicit, accept, or deposit any monies obtained from actual or prospective investors in the activities described in the Complaint, and they shall not open new accounts at any bank, brokerage firm, or other financial institution.

VI.

**IT IS HEREBY FURTHER ORDERED** that the defendants and each of their officers, agents, servants, employees, attorneys, and other persons in active concert or participation with them shall, within five (5) days after receiving actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service), take such steps as are necessary to repatriate and deposit into the registry of the Court any and all funds or other assets that were obtained directly or indirectly from any investors in connection with the activities described in the Complaint and that are presently located outside of the United States.

VII.

**IT IS HEREBY FURTHER ORDERED** that the defendants and each of their agents, servants, employees, attorneys, and other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email,

or overnight delivery service) shall not destroy, mutilate, conceal, alter, dispose of, or transfer custody of any items, including but not limited to any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media, or other property relating to themselves or to the activities described in the Complaint.

## VIII.

**IT IS HEREBY FURTHER ORDERED** that, notwithstanding the provisions of Fed. R. Civ, P. 26(d) and the Local Rules of this Court, the Commission may conduct document discovery for the limited purpose of monitoring and seeking judicial enforcement of the asset freeze.

_____
UNITED STATES DISTRICT JUDGE

Dated: 7/28, 2015 at 11:30 a.m./p.m.