**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                                       )
SECURITIES AND EXCHANGE                )
COMMISSION,                            )
                                       )
                Plaintiff,             )
                                       )         Civil Action
        v.                             )         No. 15-12857-PBS
                                       )
DFRF ENTERPRISES LLC,                  )
DFRF ENTERPRISES, LLC,                 )
DANIEL FERNANDES ROJO FILHO,           )
WANDERLEY M. DALMAN,                   )
GASPAR C. JESUS,                       )
EDUARDO N. DA SILVA,                   )
HERIBERTO C. PEREZ VALDES,             )
JEFFREY A. FELDMAN and                 )
ROMILDO DA CUNHA,                      )
                                       )
                Defendants.            )
_____)
```

**ORDER**

April 5, 2019

Saris, C.J.

This is an enforcement action brought by the Securities and Exchange Commission ("SEC") in connection with an alleged pyramid scheme involving a fake gold mining company, DFRF Enterprises ("DFRF"). The Court stayed the case in October 2015 in favor of a parallel criminal prosecution. Prior to the stay, the Clerk had entered a notice of default against one of the individual defendants, Heriberto C. Perez Valdes ("Valdes"), and the SEC subsequently had moved for the entry of a default

judgment against Mr. Valdes (Dkt. No. 125). The SEC's motion was not resolved before the case was stayed. The Court lifted the stay in November 2018 and, at the scheduling conference held in January 2019, the SEC confirmed its intention to proceed with its motion for default judgment against Mr. Valdes. The Court now allows the SEC's motion.

At no point in the nearly four years that this case has been pending has Mr. Valdes responded to the complaint or otherwise appeared in the case or attempted to defend the claims against him. The complaint alleges that Mr. Valdes was one of the central figures in the pyramid scheme. He was listed as the manager of DFRF with responsibility for "all administrative and executive work." He met in person with prospective investors to convince them to purchase interests in DFRF, even though the company had virtually no assets or operations. Beginning in October 2014, Mr. Valdes appeared in a series of online promotional videos in which he made numerous alleged false and misleading statements regarding the DFRF's business (or lack thereof). In the course of his involvement in the scheme, Mr. Valdes received more than $500,000 in proceeds from DFRF. The allegations in the complaint, taken as true, establish that Mr. Valdes violated (1) Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder, (2) Section 17(a) of the Securities Act of 1933 ("Securities Act"), and (3) Sections 5(a)

and 5(c) of the Securities Act. See SEC v. Tropikgadget FZE, 146 F. Supp. 3d 270, 278-80 (D. Mass. 2015). Under these circumstances, the Court finds that the SEC is entitled to a default judgment against Mr. Valdes. See Fed. R. Civ. P. 55.

As judgment against Mr. Valdes, the SEC seeks three forms of relief: (1) a permanent injunction against future violations of the securities laws, (2) disgorgement of profits including prejudgment interest, and (3) a civil penalty. The Court finds that all three types of relief are appropriate here. See SEC v. Esposito, 260 F. Supp. 3d 79, 92-94 (D. Mass. 2017). The SEC seeks disgorgement of Mr. Valdes's gross pecuniary gain of $551,403, which reflects the payments Mr. Valdes received from DFRF. The Court orders disgorgement of this amount plus prejudgment interest. In terms of the civil penalty, the Court finds that, considering the scope of the alleged fraud and his central role, Mr. Valdes should pay a penalty equal to his gross pecuniary gain of $551,403. See 15 U.S.C. § 78u(d)(3)(B) (capping "third tier" penalties at the greater of a statutory amount or the defendant's "gross pecuniary gain").

The Court notes, however, that the proposed order of judgment that the SEC submitted with its original motion does not reflect the prejudgment interest that accrued during the three years that the case was stayed. Nor has the SEC submitted updated figures since the Court lifted the stay. Accordingly,

the Court directs the SEC to submit a declaration reflecting the current prejudgment interest as well as a revised proposed order of judgment consistent with this order. Once submitted, the Court will enter the default judgment against Mr. Valdes pursuant to Federal Rule of Civil Procedure 54(b). Given the delay in the case, Mr. Valdes's central role in the alleged fraud, the fact that he has not made any attempt to defend against the claims, and the availability of frozen assets to compensate the victims, the Court finds that it is in the interest of justice not to delay entry of judgment until the claims against Mr. Valdes's co-defendants are resolved.

Accordingly, the Court **ALLOWS** the SEC's motion for default judgment against Mr. Valdes (Dkt. No. 125).

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
Chief United States District Judge