**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

———————————————————————— )
SECURITIES AND EXCHANGE          )
COMMISSION,                      )
                                 )
                 Plaintiff,      )
                                 )          Civil Action
         v.                      )          No. 15-12857-PBS
                                 )
DFRF ENTERPRISES LLC,            )
DFRF ENTERPRISES, LLC,           )
DANIEL FERNANDES ROJO FILHO,     )
WANDERLEY M. DALMAN,             )
GASPAR C. JESUS,                 )
EDUARDO N. DA SILVA,             )
HERIBERTO C. PEREZ VALDES,       )
JEFFREY A. FELDMAN and           )
ROMILDO DA CUNHA,                )
                                 )
                 Defendants.     )
———————————————————————— )

**ORDER**

May 29, 2019

Saris, C.J.

     This is an enforcement action brought by the Securities and

Exchange Commission ("SEC") in connection with a multimillion-

dollar pyramid scheme involving a fake gold mining company, DFRF

Enterprises. The case was stayed from October 2015 to November

2018 while a parallel criminal prosecution of one of the

Defendants was pending. Prior to the stay, the SEC moved for the

entry of a notice of default against the two entity defendants,

DFRF Enterprises LLC, a Massachusetts company ("DFRF

1

Massachusetts"), and DFRF Enterprises, LLC, a Florida company ("DFRF Florida" and, collectively with DFRF Massachusetts, "DFRF Enterprises"). The only appearance by either entity in this case was in the form of a pro se answer filed by DFRF Florida in October 2015. After the stay was lifted, on April 5, 2019, the Court entered a notice of default as to DFRF Massachusetts and struck the pro se answer of DFRF Florida for violating Local Rule 83.5.5(c). The Court then entered a notice of default as to DFRF Florida on May 14, 2019. The SEC now moves for default judgments against both entities, which the Court allows.

According to the complaint, DFRF Enterprises was organized by Daniel Fernandes Rojo Filho ("Filho") to operate as a classic pyramid scheme. From at least June 2014 through June 2015, Filho and the other Defendants, sold membership interests in DFRF Enterprises to investors located primarily in Massachusetts and Florida. Defendants told investors that DFRF owned more than 50 gold mines and gold reserves, and it produced 12 to 16 metric tons of gold per month with a gross profit of 100%. Defendants also told investors that the company had a credit line with a private Swiss bank, that it donated 25% of its profits to charity, that it would pay out a 15% monthly return, that it was registered with the SEC and its stock was about to become publicly traded, and that investors' principal was fully guaranteed by a top-rated insurance company. These statements

2

were all false. Nevertheless, DFRF Enterprises raised more than $15 million from more than 1,400 investors worldwide, paying only $1.6 million back to investors. Taken as true, these allegations, as well as others detailed in the complaint, establish that DFRF Enterprises violated (1) Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder, (2) Section 17(a) of the Securities Act of 1933 ("Securities Act"), and (3) Sections 5(a) and 5(c) of the Securities Act. See SEC v. Tropikgadget FZE, 146 F. Supp. 3d 270, 278-80 (D. Mass. 2015). Thus, the Court finds that the SEC is entitled to a default judgment against DFRF Enterprises. See Fed. R. Civ. P. 55.

As judgment against DFRF Enterprises, the SEC seeks three forms of relief: (1) permanent injunctions against future violations of the securities laws, (2) disgorgement of profits including prejudgment interest, and (3) civil penalties. The Court finds that all three types of relief are appropriate here. See SEC v. Esposito, 260 F. Supp. 3d 79, 92-94 (D. Mass. 2017). The SEC seeks disgorgement of DFRF Enterprises gross pecuniary gain of $15,291,689, which reflects the total proceeds received from investors. The Court orders DFRF Massachusetts and DFRF Florida joint and severally liable for disgorgement of this amount plus prejudgment interest of $2,636,463. In terms of civil penalties, the Court finds that, considering the scope of

3

the alleged fraud, DFRF Massachusetts and DFRF Florida each shall pay a penalty of $775,000.[1] See 15 U.S.C. § 78u(d)(3)(B) (capping "third tier" penalties at the greater of a statutory amount or the defendant's "gross pecuniary gain"); 17 C.F.R. § 201.1001 tbl.I (setting maximum statutory penalty for corporate entities at $775,000).

Given the delay in the case and the availability of frozen assets to compensate the victims, the Court finds that it is in the interest of justice not to delay entry of judgment until the claims against the remaining Defendants are resolved. Accordingly, the Court **ALLOWS** the SEC's motion for default judgment against DFRF Massachusetts and DFRF Florida (Dkt. No. 220). The SEC shall submit a revised proposed order of judgment consistent with this order.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
Chief United States District Judge

---

[1] The SEC requests that the two entities be held joint and severally liable for a single civil penalty. At least two circuit courts, however, have cast doubt on whether parties can be held joint and severally liable for SEC civil penalties. See S.E.C. v. Milan Grp., Inc., 595 F. App'x 2, 4 (D.C. Cir. 2015) (per curiam) (remanding with instructions to reconsider joint and several liability for civil penalty); S.E.C. v. Pentagon Capital Mgmt. PLC, 725 F.3d 279, 288 (2d Cir. 2013) (holding parties could not be held joint and severally liable for civil penalty). The First Circuit has not addressed the issue. Therefore, the Court will impose separate penalties on each entity.