```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

_____
                                    )
SECURITIES AND EXCHANGE             )
COMMISSION,                         )
                                    )
                Plaintiff,          )
                                    )     Civil Action
        v.                          )     No. 15-12857-PBS
                                    )
DFRF ENTERPRISES LLC,               )
DFRF ENTERPRISES, LLC,              )
DANIEL FERNANDES ROJO FILHO,        )
WANDERLEY M. DALMAN,                )
GASPAR C. JESUS,                    )
EDUARDO N. DA SILVA,                )
HERIBERTO C. PEREZ VALDES,          )
JEFFREY A. FELDMAN, and             )
ROMILDO DA CUNHA,                   )
                                    )
                Defendants.         )
_____)
```

**ORDER**

October 22, 2019

Saris, C.J.

This is an enforcement action brought by the Securities and Exchange Commission ("SEC") in connection with a multimillion-dollar pyramid scheme involving a fake gold mining company, DFRF Enterprises. The SEC now moves for default judgments against Defendants Daniel Fernandes Rojo Filho ("Filho"), Romildo Da Cunha ("Da Cunha"), Wanderley Dalman ("Dalman"), Gaspar Jesus ("Jesus"), and Eduardo Da Silva ("Da Silva"). The Court has already entered default judgments against Defendants DFRF

1

Enterprises LLC, DFRF Enterprises, LLC, and Heriberto Perez Valdes. For the following reasons, the Court **ALLOWS** the SEC's motion for default judgments against Defendants Filho, Da Cunha, Dalman, Jesus, and Da Silva (Dkt. No. 242).

This case was stayed from October 2015 to November 2018 while a parallel criminal prosecution of Filho was pending. Prior to the stay, Filho and Da Cunha answered the complaint and Dalman, Jesus, and Da Silva filed motions to dismiss. In November 2018, the criminal case against Filho was dismissed and the Court lifted the stay in this case. Since then, Filho has not appeared in this case and the SEC has been unable to locate him. Da Cunha has informed the SEC through counsel that he has returned to his native Brazil and that he no longer has the means or intention to contest the SEC's claims against him. And Dalman, Jesus, and Da Silva renewed their motions to dismiss the complaint. However, on July 31, 2019, the Court denied the motions to dismiss and, shortly thereafter, counsel for Dalman, Jesus, and Da Silva withdrew from the case because their clients were no longer paying for their representation. Following the denial of their motions to dismiss, Dalman, Jesus, and Da Silva failed to timely answer the complaint. On September 16, 2019, at the SEC's request, the clerk of court entered notices of default as to Filho, Da Cunha, Dalman, Jesus, and Da Silva. The SEC then moved for default judgments against them.

According to the complaint, Defendants operated a pyramid scheme from at least June 2014 through June 2015. They sold membership interests in DFRF Enterprises to investors located primarily in Massachusetts and Florida. Defendants told investors that the company owned more than 50 gold mines and gold reserves, and it produced 12 to 16 metric tons of gold per month with a gross profit of 100%. Defendants also told investors that DFRF Enterprises had a credit line with a private Swiss bank, that it donated 25% of its profits to charity, that it would pay out a 15% monthly return, that it was registered with the SEC and its stock was about to become publicly traded, and that investors' principal was fully guaranteed by a top-rated insurance company. These statements were all false. Nevertheless, DFRF Enterprises raised more than $15 million from more than 1,400 investors worldwide, paying only $1.6 million back to investors. Based on these allegations, as well as others detailed in the complaint, the SEC charges Filho, Da Cunha, Dalman, Jesus, and Da Silva with violations of (1) Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder, (2) Section 17(a) of the Securities Act of 1933 ("Securities Act"), and (3) Sections 5(a) and 5(c) of the Securities Act.

On a motion for a default judgment, the Court must "examine a plaintiff's complaint, taking all well-pleaded factual

allegations as true, to determine whether it alleges a cause of action." Ramos-Falcon v. Autoridad de Energia Electrica, 301 F.3d 1, 2 (1st Cir. 2002). Here, the Court has already determined that the complaint states a claim for relief on all three counts against Dalman, Jesus, and Da Silva. See Dkt. No. 224. For largely the same reasons, the Court concludes that the complaint also states a claim for relief on all three counts against Filho (who was the mastermind of the scheme) and Da Cunha (who made false and misleading statements in investor meetings and in online videos). Thus, the Court finds that the SEC is entitled to a default judgment against Defendants Filho, Da Cunha, Dalman, Jesus, and Da Silva. See Fed. R. Civ. P. 55.

The SEC seeks three forms of relief against each Defendant: (1) a permanent injunction against future violations of the securities laws, (2) disgorgement of profits including prejudgment interest, and (3) a civil penalty. The Court finds that all three types of relief are appropriate here. See SEC v. Esposito, 260 F. Supp. 3d 79, 92-94 (D. Mass. 2017). The SEC seeks disgorgement, including prejudgment interest, of the following amounts: Filho, $10,269,817; Da Cunha, $170,765; Dalman, $98,064; Jesus, $104,504; and Da Silva, $266,006. The Court orders that Defendants disgorge these amounts. In terms of civil penalties, the Court finds that, considering the scope of the alleged fraud and the Defendants' respective roles and

4

culpability, Filho shall pay a penalty of $1,000,000 and Da Cunha, Dalman, Jesus, and Da Silva shall each pay a penalty of $160,000. See 15 U.S.C. § 78u(d)(3)(B) (capping "third tier" penalties at the greater of a statutory amount or the defendant's "gross pecuniary gain"); 17 C.F.R. § 201.1001 tbl.I (setting maximum statutory penalty for individuals at $160,000 per violation).

Lastly, given the delay in the case and the availability of frozen assets to compensate the victims, the Court finds that it is in the interest of justice not to delay entry of judgment until the claims against the sole remaining defendant in this case are resolved. Accordingly, the Court **ALLOWS** the SEC's motion for default judgments against Defendants Filho, Da Cunha, Dalman, Jesus, and Da Silva (Dkt. No. 242). The Court separately will enter orders of judgment against each of the Defendants. SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
Chief United States District Judge