UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DFRF ENTERPRISES LLC,
DFRF ENTERPRISES, LLC,
DANIEL FERNANDES ROJO FILHO,
WANDERLEY M. DALMAN,
GASPAR C. JESUS,
EDUARDO N. DA SILVA,
HERIBERTO C. PEREZ FILHO,
JEFFREY A. FELDMAN and
ROMILDO DA CUNHA,

Defendants.

Case No. 1:15-cv-12857-PBS

[proposed]
**FINAL JUDGMENT OF PERMANENT INJUNCTION
AND OTHER RELIEF AS TO
DEFENDANT ROMILDO DA CUNHA**

Plaintiff Securities and Exchange Commission ("the Commission") having filed a Complaint on June 30, 2015; the Court having entered a default against defendant Romildo Da Cunha ("Da Cunha") pursuant to Rule 55(a) of the Federal Rules of Civil Procedure (Dkt. #240); and the Court having determined that Da Cunha is not an infant or incompetent person and is not in the military service of the United States:

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Da Cunha is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. §240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Da Cunha's agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Da Cunha or with anyone described in (a).

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Da Cunha is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Da Cunha's agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Da Cunha or with anyone described in (a).

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Da Cunha is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. §77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or

(c)     instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. §77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Da Cunha's agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Da Cunha or with anyone described in (a).

### IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Da Cunha is liable for disgorgement of $143,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $27,765, for a total disgorgement obligation of $170,765, and is also liable for a civil penalty in the amount of $ _160,000_ pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)].

Da Cunha may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Da Cunha may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, the name of this Court, and Da Cunha's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Da Cunha shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Da Cunha relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to him.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by

law) at any time after 30 days following entry of this Final Judgment. Da Cunha shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. §1961.

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction over Da Cunha as a party to this matter for all purposes, including the implementation and enforcement of this Final Judgment.

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that, there being no just reason for delay, the Clerk shall enter this Final Judgment forthwith and without further notice, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

_____
UNITED STATES DISTRICT JUDGE

Dated: ____10/22____, 2019