UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DFRF ENTERPRISES LLC, )<br>DFRF ENTERPRISES, LLC, )<br>DANIEL FERNANDES ROJO FILHO, )<br>WANDERLEY M. DALMAN, )<br>GASPAR C. JESUS, )<br>EDUARDO N. DA SILVA, )<br>HERIBERTO C. PEREZ VALDES, )<br>JEFFREY A. FELDMAN and )<br>ROMILDO DA CUNHA, )<br>)<br>Defendants. )<br>) | Case No. 1:15-cv-12857-PBS |

**FINAL JUDGMENT AS TO**
**DEFENDANT JEFFREY A. FELDMAN**

The Securities and Exchange Commission having filed a Complaint and defendant Jeffrey A. Feldman ("Feldman") having entered a general appearance, consented to the Court's jurisdiction over himself and the subject matter of this action, consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction), waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment:

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Feldman is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. §77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. §77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Feldman's agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Feldman or with anyone described in (a).

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Feldman is permanently restrained and enjoined from offering, operating, or participating in any marketing

or sales program in which a participant is compensated or promised compensation solely or primarily for inducing another person to become a participant in the program, or if such induced person induces another person to become a participant in the program.

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Feldman is liable for disgorgement of $125,000 and prejudgment interest of $26,131, for a total of $151,131. Based on Feldman's sworn representations in his Revised Statement of Financial Condition dated October 29, 2019, and other documents and information submitted to the Commission, however, the Court is not ordering Feldman to pay a civil penalty and payment of all but $15,000 of the disgorgement and prejudgment interest thereon is waived.

The determination not to impose a civil penalty and to waive payment of all but $15,000 of the disgorgement and prejudgment interest is contingent upon the accuracy and completeness of Feldman's Revised Statement of Financial Condition dated October 29, 2019 and on other documents and information submitted to the Commission. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Feldman's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Feldman, petition the Court for an order requiring him to pay the unpaid portion of the disgorgement, prejudgment and postjudgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Feldman was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition,

the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Feldman to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Feldman may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, prejudgment and postjudgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and prejudgment and postjudgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

Feldman shall satisfy his financial obligation by paying $15,000 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment. Feldman may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Feldman may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Feldman's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment. Feldman shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By

making this payment, Feldman relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to him.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt, and/or through other collection procedures authorized by law, at any time after 30 days following entry of this Final Judgment. Feldman shall pay postjudgment interest on any delinquent amounts pursuant to 28 U.S.C. §1961.

The Commission may propose a plan to distribute the monies paid by Feldman subject to the Court's approval (hereafter, "the Fund"). Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Feldman shall comply with all of the undertakings and agreements set forth therein.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of the exceptions to discharge set forth in Section 523 of the Bankruptcy Code [11 U.S.C. §523], the allegations in the Complaint are true and admitted by Feldman, and further, any debt for disgorgement, prejudgment interest, or other amounts due by Feldman under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Feldman of the federal

securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code [11 U.S.C. §523(a)(19)].

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: __1/30__, 2020    _____
UNITED STATES DISTRICT JUDGE